**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| UMB BANK, N.A., Plaintiff, | ) | |
| v. | ) | |
| MATTHEW BROTZ, COLLYNS STENZEL, and JEREMY MORELAND, Defendants/Cross Claimants | ) | Civil No. 4:25-cv-00976-DGK |
| LEC EVENT TECHNOLOGY INC., Third-Party Defendant. | ) | |

**ORDER DENYING SECOND AMENDED MOTION TO REVISE ORDER**

This case arises from Plaintiff UMB Bank, N.A.'s ("UMB") allegation that Defendants have failed to pay personal guaranties on three loans. On July 29, 2026, the Court granted UMB's motion to dismiss with prejudice two counterclaims[1] against it brought by Defendants Stenzel and Moreland ("Moving Defendants"). The Court issued its ruling five days after the Moving Defendants' deadline to respond to the motion to dismiss had passed, and the Moving Defendants had not responded to the motion or requested an extension of time. ECF No. 40.

Now before the Court is Defendants/Counterclaim Plaintiffs Stenzel and Moreland's Second Amended Motion to Revise Order [ECF No. 40] and For Leave to File Suggestions in Opposition to Plaintiff's Motion to Dismiss Counterclaims. ECF No. 51. In it, Moving Defendants argue the Court should "revise" (that is, set aside) its order dismissing the counterclaims and allow Moving Defendants to file their opposition, have Plaintiff reply, then rule on the motion to dismiss. Alternately, they argue the Court should revise its order to dismiss the counterclaims without prejudice and grant leave to file amended counterclaims. Moving Defendants claim they lacked a

[1] Counterclaim Counts VII and VIII are for negligent misrepresentation and fraudulent inducement.

fair opportunity to argue the motion previously because one attorney on the case had a family member receive an unidentified "serious diagnosis shortly before the response period," and the other attorney's computer was constantly malfunctioning, deleting case files, and shutting down. They assert this is good cause and excusable neglect for failing to do anything before the Court issued its ruling. They also argue setting aside the previous order is necessary to correct a significant error: They contend the Eighth Circuit prohibits dismissing claims solely because a motion is unopposed, and dismissal cannot be with prejudice simply because they failed to respond to the motion.

These arguments are unpersuasive. As a threshold matter, Moving Defendants had ample time to file a response or request an extension of time—nineteen days to be exact from when the motion was filed to when the Court ruled—and they did neither. While the Court is sympathetic to both attorneys' struggles, the Court is not persuaded that their circumstances rendered them unable to file anything here before the Court ruled. Frankly, their explanation raises more questions than answers about why they did not file a response or a motion for extension of time. For example, there is no explanation for why attorney Sinclair, who is a member of a local law firm with at least two other licensed attorneys, was unable to have another member of his law firm file a request for an extension of time. The Court did not rush to rule on the motion the moment it became ripe; it waited five days for Defendants to do something before ruling on the motion. Given the record here, the Court holds Moving Defendants have not shown good cause or excusable neglect to file their suggestions in opposition out of time.

The Court is also unmoved by Moving Defendants' argument that setting aside the prior order is necessary to correct a significant error here. Their claim that Eighth Circuit caselaw prohibits granting an unopposed motion to dismiss is incorrect. The case cited by Defendants, *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149–50 (8th Cir. 1981), is not analogous to the situation here. The procedural history of *Johnson* was more complex and distinct: It concerned multiple lawsuits and judges and involved the district court granting a motion to dismiss after the

plaintiff violated a minor, bespoke local rule requiring each party opposing a motion to file a brief statement of opposition within five days, a ruling the Court of Appeals interpreted as a "sanction." *See id*. at 150 (opining that "dismissal must not only be preceded by fair notice, but must also be fairly proportionate to whatever procedural default may have been committed, and *must be considered only within the context of whatever lesser sanctions might be available*.").

To be clear, the Court's ruling here was not a sanction for violating any rule. Indeed, it could not have been: No rule required the Moving Defendants to file any response. What happened here was that five days after the Moving Defendants' deadline to respond had run, the Court reviewed the then existing record and concluded they had elected not to respond, something which seemed sensible to the Court. It appeared to the Court that after reading UMB's brief and the relevant caselaw—which conclusively established the motion should be granted—Moving Defendants recognized that they had no colourable argument opposing the motion to dismiss and so declined to file a response, something which happens from time to time. Thus, *Johnson* is not applicable.

Finally, setting aside the prior order would not correct a significant error for a more fundamental reason: Because Moving Defendants' opposition to the motion to dismiss is futile. The Court has reviewed the proposed Suggestions in Opposition to the motion to dismiss, ECF No. 41-4, and it is unpersuasive. The Court would grant the motion to dismiss because Moving Defendants have failed to plead sufficient facts to support their counterclaims against UMB, their counterclaims rely on oral or unsigned statements barred by Mo. Stat. Ann. § 432.047, and their counterclaims seek to impose liability on UMB based on statements of future intent which are not actionable under Missouri law, *see FCS Advisors, LLC v. Missouri*, 929 F.3d 618, 621 (8th Cir. 2019).

Accordingly, the Second Amended Motion to Revise Order, ECF No. 51, is DENIED.

**IT IS SO ORDERED.**

Dated: October 6, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT